IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION


ANGELA M. PANNELL,

            Plaintiff,

v.                                                    CIVIL ACTION NO. 5:14-cv-14198

GREEN TREE SERVICING, LLC,

            Defendant.


**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant, Green Tree Servicing, LLC's Partial Motion to Dismiss* (Document 5), as well as the accompanying *Memorandum in Support* (Document 6), the *Plaintiff's Response in Opposition* (Document 8), and the Defendant's *Reply* (Document 9). After careful consideration of the parties' written submissions and the entire record, the Court finds that the Defendant's motion should be granted in part and denied in part.

      **I.**      **FACTUAL AND PROCEDURAL HISTORY**

This lawsuit arose out of the borrower-lender relationship between the Plaintiff, Angela M. Pannell (Pannell), and the Defendant, Green Tree Servicing, LLC (Green Tree). Sometime in March of 2008, Pannell purchased real estate located at 107 Goldcrest Drive, Beckley, West Virginia, and executed a Security Note to finance the purchase.[1] (*See* Document 1-1 at 7, ¶ 3.) She made regular monthly payments until mid-2013, when she fell behind schedule, after which she and Green Tree entered into a loan modification agreement. (*Id*. at ¶¶ 4-6.) She alleges that

---

1      The original lender later sold the note to Green Tree on an unknown date.  (*Id*.)

she sent a certified check for $6,921.93 as "consideration for the loan modification agreement" with Green Tree, but that on November 2, 2013, for "some unknown reason," Green Tree returned that check. (*Id*. at ¶¶ 7-8). After the check was returned, Pannell claims that Green Tree hired a law firm and instituted eviction and then foreclosure proceedings, allegedly "breaching the loan modification agreement," as well as "illegally" charging her attorney's fees for "its foreclosure activities . . ." (Document 1-1 at 8, ¶¶ 9-11.) Public records indicate that the subject property was sold in a foreclosure sale on October 29, 2013, to Federal National Mortgage Association.[2] (Document 5-1 at 1-3.)

In response to the foreclosure sale, on February 28, 2014, Pannell filed a seven count *Complaint* (Document 1-1 at 7-13) against Green Tree in the Circuit Court of Raleigh County, West Virginia. The claims include: (1) Count I: Breach of Contract; (2) Count II: Breach of Covenant of Good Faith and Fair Dealing; (3) Count III: Estoppel; (4) Count IV: West Virginia Consumer Credit Protection Act (WVCCPA) Violations – Unlawful Debt Collection, pursuant to West Virginia Code §§ 46A-2-124, 46A-2-125, 46A-2-127, 46A-2-128, 46A-5-105, and 46A-6-104; (5) Count Five: WVCCPA Violations – Misapplication of Payments, pursuant to W. Va. Code § 46A-2-115(c); (6) Count Six: WVCCPA Violations – Failure to Accept Payments, pursuant to W. Va. Code §46A-2-115(c); and (7) Count Seven: Negligence. (*See* Document 1-1 at 8-13.) Pannell requests equitable relief, actual and punitive damages, appropriate civil penalties for each violation of the WVCCPA, cancellation of the underlying debt, reasonable attorney's fees and costs of the litigation, as well as cancellation of the foreclosure proceedings. (*Id*. at 6-7.)

---

[2] The admissibility of the Deed of Trust and Trustee Deed contained in Exhibits A and C of Green Tree's partial motion to dismiss is addressed *infra*.

On or about April 7, 2014, Green Tree filed its *Notice of Removal* (Document 1) pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (*See* Document 1 at 1.) To date, Pannell has not filed a motion to remand or otherwise opposed removal. On April 14, 2014, Green Tree filed its *Partial Motion to Dismiss* (Document 5), as well as an accompanying *Memorandum in Support* (Document 6).[3] On April 28, 2014 Pannell filed her *Response in Opposition* (Pl.'s Resp.) (Document 8), and Green Tree filed its *Reply* (Def.'s Rep.) (Document 9) on May 1, 2014.

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are

---

3     Green Tree attached the following as exhibits to its partial motion to dismiss: (1) a three page copy of the "Trustee Deed," dated November 4, 2013, (2) a seventeen page copy of the "Deed of Trust," dated July 13, 2006, and (3) a three page copy of the "Security Note," dated July 13, 2006.

insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III. DISCUSSION

*A. Initial Determinations*

*i. Jurisdiction*

Although the Plaintiff has not challenged removal, this Court must satisfy itself that it possesses subject matter jurisdiction. *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.,* 369 F.3d

385, 390 (4th Cir. 2004) ("questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.") The record before the Court indicates that the Plaintiff, Pannell, is a resident of Raleigh County, West Virginia, while the Defendant, Green Tree, is a Maryland corporation with its principal place of business in Tampa, Florida.[4]  The price paid for the subject property at the foreclosure sale was $174,596.61.  (Document 1 at 4.)  Because Pannell prays for relief in the form of rescinding[5] the foreclosure sale, the total jurisdictional amount is greater than $75,000.  *See*, *Moses Auto., Inc. v. American Honda Motor Co., Inc.*, 581, F.Supp.2d 763, 767 (S.D. W.Va. 2007) (Chambers, J.) (citation omitted.)  Upon consideration of Green Tree's notice of removal and Plaintiff's complaint, the Court finds the existence of diversity jurisdiction, and thus, removal was proper and this Court enjoys complete diversity jurisdiction pursuant to 28 U.S.C. § 1332.

    ii.    *Green Tree's Exhibits*

The next issue the Court must address is whether to consider the (1) original Security Note, (2) Trustee Deed, and/or (3) Deed of Trust at the current stage of the litigation.  Green Tree wants the Court to "take judicial notice of [the Trustee Deed and Deed of Trust because they are] recorded, public document[s]."  (Document 6 at 2, fn 1.)  Green Tree asserts that

> although generally prohibited from reviewing matters outside of the Complaint at the motion to dismiss stage, a court 'may also consider

---

4    The Court notes that Pannell's complaint asserts that Green Tree is an "Arizona corporation licensed and doing business in Raleigh County, West Virginia." (Document 1-1 at ¶ 2.)  While this does not appear to be correct, diversity of citizenship is present.  Green Tree's *Notice of Removal* (Document 1) states it is a wholly owned subsidiary of Walter Investment Management Corp (Walter). (Document 1 at 3.)  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation's citizenship is determined by its state of incorporation and the state where it maintains its principal place of business.  Walter is a Maryland corporation with its principal place of business in Tampa, Florida. (*See* SEC Form 10-K; http://www.sec.gov/Archives/edgar/data/1040719/000119312514071098/d631621d10k.htm.) (last visited June 30, 2014.)

5    It must also be noted that Pannell seeks "cancellation of the alleged debt" under Count VI. (Document 1-1 at ¶ 36.)

> materials appearing in the public record, such as documents recorded with the appropriate government office,' including a deed of trust and 'other recorded documents regarding the foreclosure sale . . .'

(Document 6 at 2, fn 1) (citing *Holzapfel v. Wells Fargo Bank, N.A.*, 2013 WL 1337283, *2 (S.D. W.Va. Mar. 29, 2013) (Copenhaver, J.) (unpublished) (citations omitted in original). Green Tree also cites *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462 (4th Cir. 2011) for the proposition that this Court may take notice of "'documents incorporated into the complaint by reference, and matters of which the court may take judicial notice.'" (Document 6 at 2, fn1.)

Pannell's response does not directly discuss this issue, but instead implies that the Deed of Trust and Trustee Deed should not be considered at this point in the pleadings, and that even if they were, under West Virginia law the Court must construe the partial motion to dismiss as one for summary judgment, and afford the parties adequate time for discovery. (Document 8 at 2-3.) Green Tree responds that this matter is not currently in state court, but rather in federal court, where more is required under federal law than the "notice pleading" required under West Virginia law.[6] (Document 9 at 2.)

With respect to the issue of the extraneous documents and whether the Court will take judicial notice of the Deed of Trust and Trustee Deed, applicable Fourth Circuit case law and the Federal Rules of Evidence guide the Court's decision. The Deed of Trust and Trustee Deed are official public records chronicled with the appropriate government office, the Clerk of the County Commission of Raleigh County, West Virginia. Importantly, no party has challenged their authenticity, though Pannell does argue that they are not relevant at this stage of the proceedings.

---

6  Regarding whether state or federal rules apply to the current dispute, Rule 81 of the Federal Rules of Civil Procedure mandates that "these rules apply to a civil action <u>after</u> it is removed from a state court." *See* Fed. R. Civ. P. 81(c)(1). (emphasis added.) Thus, federal, and not state law, controls here and offers the relevant rules of civil procedure.

However, through "resort to sources whose accuracy cannot reasonably be questioned," the Court takes judicial notice of the Deed of Trust and Trustee Deed attached to Green Tree's motion for dismissal, and will consider them. *Katyle* 637 F.3d at 466; see also *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004).

Green Tree also points out that the Security Note is integral to Pannell's complaint because she relied on it to frame the counts throughout, even though it was not attached. Again, Pannell does not squarely challenge this contention. It is undisputed that the Security Note attached as Exhibit B to Green Tree's partial motion to dismiss is authentic. Further, the Security Note is the baseline document that frames the complaint's allegations and is incorporated by reference throughout. Thus, it is integral to Pannell's complaint and the Court may consider it in analyzing this Rule 12(b)(6) motion. *See Blankenship v. Manchin*, 471 F.3d 523, 526 (4th Cir. 2006). The Court will now turn to the merits of Green Tree's arguments for dismissal.

*B. Merits*

Green Tree first argues that part of Count I and Counts II, IV and V fail to satisfy the pleading standard set forth in *Iqbal* and *Twombly*, as well as Rule 8 of the Federal Rules of Civil Procedure. (Document 6 at 5.) Green Tree points out that Pannell "relies solely on legal conclusions that she attempts to masquerade as facts." (*Id*.) It argues that Count I fails because "there are no facts to support the breach of contract claim relating to misrepresentation of the amount due for reinstatement."[7] (*Id*. at 5.) Likewise, Green Tree claims that Count II fails as a matter of law because Pannell failed to allege facts regarding: "(a) the date(s) and time(s) that

---

[7] Green Tree also argues that Count One fails to state a claim upon which relief can be granted because under applicable case law, discretionary actions cannot support a breach of contract action. (Document 6 at 12.) Put another way, "West Virginia does not recognize a stand-alone cause of action for failure to exercise contractual discretion in good faith." (*Id*.) (citing *Wittenberg v. Wells Fargo, N.A.*, 82 F.Supp.2d 731, 750 (N.D. W.Va. 2012) (internal citation omitted).

Green Tree 'attempted to collect a debt not owed from Plaintiff;' (b) the dates or amounts of any misapplied payments; or (c) the dates and amounts of payments purportedly placed in suspense." (*Id*. at 6.)  Green Tree also claims that Pannell did not "provide facts showing how the purported misapplication and/or placement in a suspense account were contrary to the terms of the contract between the parties."  (*Id*.)

With respect to Count IV, Green Tree again emphasizes that Pannell's pleadings are deficient because she uses the same factual basis for Counts I and II as Count IV, and thus, "these statements are insufficient to meet the Rule 8 pleading standard."[8]  (Document 6 at 6.)  Simply put, Green Tree alleges that Pannell's pleadings cannot support a claim for any violation of WVCCPA §§ 46A-2-124, 46A-2-125, 46A-2-127, 46A-2-128, and 46A-6-104 because she has not pled any facts that indicate the occurrence of any of the activities prohibited by those sections. (*Id*. at 6-11.)  Green Tree challenges the pleadings underlying Count V because there are "no factual allegations regarding the dates or amounts of the alleged payments that were made," or the "misapplied payments" and "payments purportedly placed in suspense."  (*Id*. at 11.)  *In totem*, Green Tree maintains that Pannell has "failed to provide *any* factual support for her Complaint." (*Id*.) (emphasis in original.)

Green Tree also claims that Counts IV, V, and VI fail to state a claim upon which relief can be granted to the extent that Pannell is claiming punitive damages for violations of the WVCCPA because they are unavailable under the WVCCPA.  (Document 6 at 14-15.)  It also argues that Count VI fails to state a claim pursuant to WVCCPA § 46A-2-115(c) because the

---

8    Green Tree also argues that Count IV fails to state a claim under the WVCCPA to the extent that Pannell seeks cancellation of the underlying debt because the debt at issue here is secured and not subject to the cancellation provision found in W. Va. Code § 46A-5-105, as opposed to an unsecured debt which can be subject to cancellation. (Document 6 at 14.)  It cites *Quicken Loans, Inc. v. Brown*, 230 W. Va. 306 (2012) as well as *Travis v. JP Morgan Chase Bank, N.A.*, 2012 WL 3193341 (N.D. W. Va. Aug. 6, 2012) for support.  (*See* Document 6 at 14.)

check for $6,921.93 was returned on November 2, 2013, after the property had been sold at the October 29, 2013 foreclosure sale. Green Tree claims it "was well within its rights to return the payment" because the reinstatement period under § 46A-2-115(b) had expired.

Finally, Green Tree argues that Count VII fails as a matter of law because there is no special relationship between Pannell and Green Tree that would support a claim for negligence. (Document 6 at 16-17.) It argues that under West Virginia law, "'a common law claim must exist separate from the WVCCPA claim.'" (*Id*. at 16) (citing *Blackburn v. Consumer Portfolio Servs., Inc.*, 2012 WL 1679796, *2 (S.D. W.Va. May 14, 2012)) (Goodwin, J.) (unreported). Treating as true Pannell's claim that Green Tree "owed a duty to Plaintiff to provide her with accurate information about the status of her loan account and to provide accurate notice of her payment due," Green Tree points out that these actions are essentially a "function of its normal service in the lender-borrower relationship," and consequently, cannot form the basis of a special relationship. (*Id*. at 17.)

As mentioned above, while Pannell did file a timely response in opposition to Green Tree's partial motion to dismiss, she devotes the vast majority of her pleading to citing state case law relevant to the standards for analyzing dismissal and summary judgment motions. (Document 8 at 1-5.) She then offers a one sentence response in her "Argument" section, "[a]s the Complaint is sufficient and there are genuine issues of material fact to be tried and inquiries concerning the facts, Plaintiff should prevail on Defendant's Partial Motion to Dismiss or the summary judgment standard." (*Id*. at 5.)

Green Tree's reply largely mirrors the memorandum in support of its partial motion to dismiss, emphasizing that the federal rules of civil procedure control the instant dispute and that

9

pursuant to *Iqbal* and *Twombly*, Pannell has simply failed to provide facts to support her allegations. (Document 9 at 1-3, 5-6.) Green Tree further declares that incorporating the Security Note, Deed of Trust, and Trustee Deed does not transform the partial motion to dismiss into a dispositive motion. (*Id*. at 4-5.)

        *i.*        *Counts I and II – Breach of Contract and Breach of Good Faith and Fair Dealing*

The Court finds that Pannell has adequately pleaded Counts I and II to survive Green Tree's partial motion to dismiss. "To avoid dismissal of a breach of contract claim under Rule 12(b)(6), West Virginia law requires: 'the existence of a valid, enforceable contract; that the plaintiff has performed under the contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result.'" *Ranson v. Bank of America, N.A.*, 2013 WL 1077093 *3 (S.D. W.Va. 2013) (Chambers, C.J.) (unpublished) (citing *Executive Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F.Supp.2d 694, 714 (S.D. W.Va. 2009)) (Goodwin, J.) (internal citations omitted.)

Treating her allegations as true, Pannell has indicated that she and Green Tree agreed to modify her original loan "sometime in September/October of 2013," and that despite providing a certified check for $6,921.93, "the Defendant returned her check . . . breaching the loan modification agreement." Importantly, while "West Virginia does not recognize a stand-alone cause of action for failure to exercise contractual discretion in good faith," here, the discretion had allegedly already been exercised. Pannell clearly alleges that Green Tree exercised its discretion by agreeing to a loan modification, but breached the duty of good faith and fair dealing by refusing to honor the modification agreement already entered into.

10

Pannell has alleged that Green Tree expressly violated the loan modification agreement when it returned her monies and failed to follow through on its modification promise (Count I). Pannell has also alleged that Green Tree violated the standard of good faith and fair dealing under West Virginia law by leading her to believe that the loan was being modified, when in fact Green Tree was allegedly turning the gears of foreclosure (Count II) and not properly applying payments to her account. Count II builds upon Count I, and if the Court is to treat as true the allegations contained in paragraphs fifteen (15) through twenty (20) of the complaint – as it must – then Pannell has adequately pleaded a breach of contract <u>and</u> a violation of the duty of good faith and fair dealing, or 'claim[s] to relief that [are] plausible on [their] face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) Pannell plainly reincorporates and restates the previous paragraphs at the beginning of each count to further flesh out the factual underpinnings of her claims. Viewing the Counts in isolation as Green Tree wants is inappropriate and disregards the basic principles of pleading. Accordingly, the Court finds that Green Tree is not entitled to dismissal of Counts I and II of Pannell's complaint.

    *ii.       Count IV – Unlawful Debt Collection*

The Court finds that Green Tree's motion to dismiss for failure to state a claim should likewise be denied for Count IV. Count IV alleges that Green Tree violated West Virginia Code §§ 46A-2-124, 46A-2-125, 46A-2-127, 46A-2-128, 46A-5-105, and 46A-6-104. Section 46A-2-124 states, in pertinent part, that "[n]o debt collector shall collect or attempt to collect any money alleged to be due and owing by means of any threat, coercion, or attempt to coerce." W. Va. Code § 46A-2-124. Section 46A-2-125 decrees, in pertinent part, that "[n]o debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to

collect any claim alleged to be due and owing by that person or another." W. Va. Code § 46A-2-125. Section 46A-2-127 mandates, in relevant part, that "[n]o debt collector shall use any fraudulent, deceptive, or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." W. Va. Code § 46A-2-127. Section 46A-2-128 dictates, in relevant part, that "[n]o debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim." W. Va. Code § 46A-2-128. Section 46A-6-104 states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." W. Va. Code § 46A-6-104.

Pannell alleges that Green Tree violated the above WVCCPA sections when it "misrepresented in correspondence . . . that [she] was in arrears. This statement is false." (Document 1-1 at ¶ 25.) Pannell then plainly alleges that

> Green Tree's acts in attempting to collect an alleged debt that [Pannell] did not owe constitutes fraudulent, deceptive, or misleading representations . . . oppression and abuse . . . unfair or unconscionable means . . . illegal threats or coercion . . . unfair or deceptive acts or practices in the conduct of trade or commerce . . . and willful violations [of the pertinent sections of the WVCCPA].

(*Id*. at ¶ 26.) Importantly, WVCCPA §§ 46A-2-124, 46A-2-125, 46A-2-127, and 46A-2-128 expressly declare that, "[w]ithout limiting the general application of the foregoing, the following conduct is deemed to violate this section" and each section goes on to list certain prohibited activities. See, generally, WVCCPA § 46A-2-124. (emphasis added.) Thus, Green Tree's contention that dismissal is appropriate because Pannell did not explicitly allege facts to support the finding of any of the specific prohibited activities of the respective WVCCPA sections is unsupported by the very language of the WVCCPA. The Court's review of Pannell's allegations, including incorporating the preceding paragraphs, reveals that Count IV contains allegations that

12

state a claim to relief that is plausible on its face. Therefore, Green Tree's request for dismissal as to Count IV is denied.

    *iii.    Counts V and VI – Misapplication of Payments and Failure to Accept Payments*

The Court finds that Counts V and VI should not be dismissed for failure to state a claim. W. Va. Code § 46A-2-115(c) states, in relevant part,

> [a]ll amounts paid to a creditor arising out of any consumer credit sale or consumer loan shall be credited upon receipt against payments due: Provided, That amounts received and applied during a cure period will not result in a duty to provide a new notice of right to cure; and provided further that partial amounts received during the reinstatement period set forth in subsection (b) of this section do not create an automatic duty to reinstate and may be returned by the creditor. Default charges shall be accounted for separately; those set forth in subsection (b) arising during such a reinstatement period may be added to principal.

§ 46A-2-115(c) (emphasis added). Clearly, Pannell reincorporates the preceding paragraphs and allegations, and then alleges that "[Green Tree] placed payments made by Plaintiff during the loan modification application process in a suspense account rather than properly posting payments to the amount due or owing in violation of [§] 46A-2-115(c)." (Document 1-1 at ¶ 30.) Pannell further alleges that "[Green Tree] refused to accept payments made by Plaintiff during and after the loan modification application process rather than properly posting payments to the amount due or owing in violation of [§] 46A-2-115(c)." (*Id.* at ¶ 34.) Accepting the allegations in the complaint to be true, Pannell clearly alleges that after entering into a loan modification agreement and providing a certified check, Green Tree did not honor its agreement but instead: (1) posted the amounts in another suspense account and (2) failed to accept her payment(s). It necessarily follows that she has clearly pleaded facts to support a claim for misapplying payments and failure to accept payments in violation of WVCCPA § 46A-2-115(c).

13

While Green Tree complains that it "was well within its rights to return the payment" under § 46A-2-115(c) and (d) because the property was sold on October 29, 2013, this argument is unavailing at this stage of the litigation. According to the complaint, Green Tree and Pannell contracted to modify the loan and Pannell tendered a check for $6,921.93, but Green Tree unilaterally returned the money after foreclosure proceedings had run their course. Although the Court recognizes that per the language of 115(c), accepting payment(s) during a reinstatement period does not create a duty to automatically reinstate, and payments may be returned by the creditor, negotiating and agreeing to a loan modification with the borrower, outside of the parameters of the Security Note, may create such a duty. Drawing reasonable inferences from the alleged facts in the Plaintiff's favor reveals that the very point of the modification agreement was to help Pannell salvage her payment schedule on the secured loan to avoid foreclosure. Thus, assuming the allegations of the complaint to be true, Green Tree is not entitled to dismissal for failure to state a claim for Counts V and VI.

  *iv.* *Count VII – Negligence*

The same cannot be said for Count VII, however, and the Court finds that Green Tree is entitled to dismissal for failure to state a claim upon which relief can be granted. Green Tree contends that West Virginia law requires more than what the Plaintiff alleges here and the Court agrees. It is black letter law that the traditional elements of negligence are duty, breach, causation and damages. "The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law." Syl. Pt. 5, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000). This inquiry is somewhat tempered,

14

however, because "under West Virginia law, a plaintiff 'cannot maintain an action in tort for an alleged breach of a contractual duty,'" without some "'positive legal duty imposed by law because of the special relationship of the parties, rather than a mere omission to perform a contract obligation.'" *Ranson*, 2013 WL 1077093 at *5 (internal emphasis omitted) (citing *Lockhart v. Airco Heating & Cooling*, 567 S.E.2d 619, 624 (W. Va. 2002) (internal footnote omitted).

Here, Pannell alleges that Green Tree committed negligence when it breached its duty to "provide her with accurate information about the status of her loan account and to provide accurate notice of her payment due," by "misrepresent[ing] amounts due" and beginning foreclosure proceedings. (Document 1-1 at ¶¶ 38-39.) The Court finds that nothing in Pannell's allegations remotely approaches the creation or existence of a special relationship between the parties. "To the contrary, Plaintiff's negligence claim in this case rests merely on the fact Defendant had a duty to provide [her] accurate information about the loan and failed to do so." *Ranson*, 2013 WL 1077093 at *6. Thus, Green Tree is entitled to dismissal of Count VII for failure to state a claim upon which relief can be granted.

   *v. Punitive Damages and Cancellation of the Debt*

Finally, the Court must determine the appropriateness of some of Pannell's requested relief. With respect to Pannell's prayer for punitive damages for willful violations of Counts IV, V, and VI, the Court finds that punitive damages are not recoverable under the WVCCPA. "[T]he penalty provision of the WVCCPA has been interpreted to preclude an award of punitive damages." *Tucker v. Navy Fed. Credit Union*, 2011 WL 6219852, *9 (N.D. W.V. 2011) (unpublished) (citing *One Valley Bank of Oak Hill, Inc. v. Bolen*, 188 W.Va. 687, 692, 425 S.E.2d

829, 834 (1992)). Accordingly, to the extent that Counts IV, V, and VI seek punitive damages, they are disallowed.

Further, with respect to Pannell's prayer for cancellation of the underlying debt per § 46A-5-105, the Court finds that cancellation is not possible given the allegations in the case and the plain language of § 46A-5-105. Section 46A-5-105 states that, "[i]f a creditor has willfully violated the provisions of this chapter applying to illegal, fraudulent, or unconscionable conduct or any prohibited practice," then "<u>the court may cancel the debt when the debt is not secured by a security interest</u>." W. Va. Code § 46A-5-105. (emphasis added.) Here, Pannell's complaint alleges that she "executed a note for security instrument securing the purchase of real estate . . ." (Document 1-1 at ¶ 3.) Treating as true the allegations contained in the complaint, Pannell's debt is safeguarded by a security instrument, and per the WVCCPA, she cannot seek cancellation of the underlying secured debt. Thus, to the extent that Count IV seeks cancellation of the debt, such relief is prohibited.

## CONCLUSION

WHEREFORE, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that the *Defendant Green Tree Servicing, LLC's Partial Motion to Dismiss* (Document 5) be **GRANTED in part** and **DENIED in part**. The Court **ORDERS** that the claims contained in **Count VII** be **DISMISSED WITHOUT PREJUDICE**, and that the claims contained in **Counts I**, **II**, **III**, **IV**, **V**, and **VI** remain pending. The Court further **ORDERS** that punitive damages and/or cancellation of the underlying secured debt are prohibited remedies in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

                ENTER:     July 8, 2014

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA